W. MEREDITH DICKINSON AND VINCENT P. BRADLEY, PARTNERS, TRADING AS W. M. DICKINSON COMPANY, RESPONDENTS, v. FRED T. WALTERS, APPELLANT.

Submitted December 6, 1923—Decided June 2, 1924.

1. A real estate broker earns his commission when he secures a buyer on the seller's terms, either as originally propounded or as settled by agreement between the seller and buyer.
2. Defendant gave plaintiff a written agreement, agreeing to pay a commission for negotiating the sale of certain specified properties. On the same day that this agreement was executed, and prior thereto, defendant entered into another agreement for the exchange of his properties for other land owned by the parties to the agreement, but the exchange was never consummated. *Held*, that plaintiff was entitled to the commission for having negotiated the sale, and that a consummation of the sale was not essential.

On appeal from the District Court of the city of Trenton.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Louis Rudner* and *Geraghty & Weelans*.

For the respondents, *William Abbotts, Jr.*

The opinion of the court was delivered by

KALISCH, J. This appeal brings up for review a judgment, rendered in the District Court of the city of Trenton, by the trial judge, upon a verdict directed by him in favor of the plaintiffs against the defendant.

The state of the case agreed upon between the attorneys of the respective parties discloses that the plaintiffs' action in the court below was founded on the following agreement:

"TRENTON, N. J., August 17th, 1922.

"I, the undersigned, hereby agree to pay to the W. M. Dickinson Co. a commission of three per cent. (3%) on fourteen thousand dollars ($14,000), sale price of properties Nos. 20, 22, 26 and 28 High street, Trenton, N. J., in consideration of the said W. M. Dickinson Co. negotiating the sale of said properties to Theodore R. Bradshaw and Ida Bradshaw, his wife, in accordance with the terms of agreement of sale of even date.

"(Signed) FRED T. WALTERS."

That on August 17th, 1922, the defendant, Walters, and Theodore Bradshaw and Ida Bradshaw, entered into an agreement for the exchange of four houses on High street, in Trenton, owned by the former for certain land on the Lawrenceville road owned by the latter. That the agreement to pay commissions was executed after the agreement for the exchange of properties between the parties had been entered into, but on the same day. That subsequent to the execution of both of the mentioned agreements the plaintiff had procured searches and prepared the deeds; that the final settlement and delivery of the deeds were to take place at the plaintiff's office; that the transfer of the properties was never consummated.

That after making this proof the plaintiff rested his case. Thereupon the defendant's attorney moved for a nonsuit on the ground—

"That the W. M. Dickinson Company [the plaintiff], by the very terms of the agreement for the payment of com-

missions, was not entitled to commissions until the consummation of the exchange of lands and until the actual transfer of title by the respective parties.

"That the words 'in accordance with the terms of an agreement of sale of even date' (referring to the agreement for the exchange of lands which had been previously executed) showed the intention of the parties that commissions were not to be paid until the consummation of the sale and delivery of the deeds.

"That the testimony of Mr. Titus that subsequent to the execution and delivery of the agreement for the exchange of lands entered into between Fred T. Walters and Theodore R. Bradshaw and Ida Bradshaw, he ordered Real Estate Title Company searches and had prepared deeds covering the properties to be exchanged, and that the final settlements and the delivery of the deeds were to take place at the office of the W. M. Dickinson Company, when considered together with the agreement for the payment of commissions, showed the intention of the parties thereto that commissions were not to be paid until the consummation of the sale and delivery of the deeds."

The motion for nonsuit was denied, an exception was taken and noted as a ground of appeal.

We are of the opinion that the motion was properly denied. We do not deem it to be necessary, in this connection, to state the reasons for the conclusion reached, in view of the fact that it appears from the agreed state of the case that the defendant presented his defense, and from his testimony it clearly appears that the grounds upon which the appellant's motion for a nonsuit was made, were without any substantial support. He testified "that he had always been ready, able and willing to consummate the sale in accordance with the terms of the agreement of sale with the Bradshaws."

This statement by the defendant was an unequivocal admission by him that the negotiations conducted by the plaintiff were in accordance with the terms of the agreement made by the defendant with the Bradshaws.

Therefore, when the entire case was closed, and a motion was made for a direction of a verdict for the plaintiff, the only legal question which remained for the determination of the court was whether the agreement for the payment of commissions was conditioned upon the actual transfer of title to the properties.

For the appellant it is argued that "negotiating the sale" must mean "consummation of the sale." No sound reason has been advanced why such aberration from the normal sense of these phrases should take place. The phrases have a marked widely different import, not only in their natural sense, but in the sense of common business transactions. Moreover, it is to be noted that the agreement for payment of commission expressly states that it is in consideration of the negotiating the sale. Besides this, there is the undisputed fact that the agreement to pay the commissions was made after the defendant and the Bradshaws had entered into the agreement for the exchange of properties. There was no disputed question of fact to be submitted to the jury, and, therefore, the plaintiff was entitled to a direction of a verdict in his favor.

The law is firmly settled in this state that a real estate broker earns his commission when he secures a buyer on the seller's terms, either as originally propounded or as settled by agreement between the seller and buyer. *Clark* v. *Griffin,* 95 *N. J. L.* 508; *Steinberg* v. *Mindlin,* 96 *Id.* 206, 207, where the cases on the subject are collated.

In order to absolve a party from the payment of commissions, it must clearly appear by the contract with his broker that the payment of commissions was made contingent upon the actual transfer of title. There can be no question that a party desiring to sell property is at liberty to make a contract with his broker, specifying under what conditions or circumstances he shall become obligated to pay a commission, but as this was not done in the present case, it serves no useful purpose to pursue the discussion of the question any further.

The other specifications of prejudicial errors, relied on for a reversal of the judgment below, relate to the determinations of the trial judge on the competency of questions put by the defendant's attorney to both Bradshaw and Walters, as to whether or not either of them had refused to consummate the sale in accordance with the terms of the agreement of sale, and a question put to Bradshaw whether or not he had agreed to pay, or had paid, the plaintiff any sum or sums of money as commissions for negotiating the agreement for the exchange of his lands, and whether any special inducements were held out by a Mr. Henry to Mr. Bradshaw, to induce him to enter into the agreement for the exchange of lands.

The questions were objected to and the objections were sustained. The action of the trial judge in sustaining the objections was in accordance with the settled law of this state. A broker is entitled to be compensated upon completing the negotiations he undertook for the sale of property, irrespective of whether or not the contract negotiated is ever consummated between the parties thereto. *Klipper* v. *Schlossberg*, 96 *N. J. L.* 397. The question put to Mr. Bradshaw whether or not he had agreed to pay the plaintiff any commission for negotiating the agreement for the exchange of his lands, was also properly overruled. There was no contention that the plaintiff was acting in any other capacity than that of middleman, hence the question put was manifestly immaterial. The plaintiff had brought the parties together and the latter then settled the terms of the contract. There was nothing further for the plaintiff to do after having brought the parties together. *Feist* v. *Jerolamon*, 81 *Id.* 437. So, also, the question whether any inducements were held out to Mr. Bradshaw by a Mr. Henry, an employe of the plaintiff, was properly overruled. There are no facts disclosed in the agreed state of the case which made the question put either material or relevant. The inquiry, manifestly, had no bearing on the issue between the parties.

The judgment is affirmed, with costs.